

ORIGINAL

CHRISTOPHER S. BOUSLOG  3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii  96813-4908
Telephone: (808) 550-4995
Facsimile: (808) 550-4996



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at 10 o'clock and __ min. __ M
SUE BEITIA, CLERK

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.;<br><br>Defendants. | CIVIL NO. CV03 00034 BMK<br>(Other Non-Vehicle Tort)<br><br>**PLAINTIFFS DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III'S MEMORANDUM IN OPPOSITION TO DEFENDANT AND THIRD-PARTY PLAINTIFF SIMON MATTRESS MANUFACTURING COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED 12/02/05; CERTIFICATE OF SERVICE**<br><br>**Hearing Date: February 8, 2006**<br>**Time: 10:00 a.m.**<br><br>**TRIAL WEEK: MAY 16, 2006** |

SIMON MATTRESS MANUFAC-        )
TURING COMPANY,                )
                              )
          Third-Party Plaintiff,    )
     vs.                       )
                              )
JAMES CASH MACHINE CO.,        )
                              )
          Third-Party Defendant.   )
_____)
JAMES CASH MACHINE CO.,        )
                              )
          Fourth-Party Plaintiff,   )
                              )
     vs.                       )
                              )
A & B ELECTRIC,                )
                              )
          Fourth-Party Defendant.  )
_____)

## PLAINTIFFS DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR. and CHARLES E. GENDROW III'S MEMORANDUM IN OPPOSITION TO DEFENDANT AND THIRD-PARTY PLAINTIFF SIMON MATTRESS MANUFACTURING COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED 12/02/05

Plaintiffs DENISE GENDROW, Individually and as Personal

Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR. and

CHARLES E. GENDROW III  (collectively "Plaintiffs"), hereby oppose

Defendant and Third-Party Plaintiff Simon Mattress Manufacturing

2

Company's ("SMMC," hereinafter) Motion for Summary Judgment filed December 2, 2005 and submit their memorandum in opposition.

## I.       SUMMARY OF ARGUMENT

The responsibility for Mr. Gendrow's death can only be determined by the resolution of several issues of fact which are presently the subject of conflicting evidence.  When the evidence supporting the Plaintiffs' claims is presumed to be true, Plaintiffs have established a prima facie case for holding Defendant SMMC liable for breaching its duty to provide Mr. Gendrow with a safe work environment, for negligently enforcing its lock out/tag out policy,  and for breaching its duty to warn Mr. Gendrow of the hazardous condition.

## II.      STATEMENT OF FACTS

This case arises from an incident in which Charles Gendrow, Jr. ("Mr. Gendrow") died as the result of a table top of a cutting table falling and crushing Mr. Gendrow.

In January of 2001, Mr. Gendrow, while in the employ of A&B Electric Company ("A&B") went to Simon Mattress Manufacturing Company ("SMMC") to repair an electric motor to a tilt top mattress cutting

table manufactured and sold to SMMC by James Cash Machine Co.

("JCM").  On January 8, 2001, Mr. Gendrow removed the malfunctioning

electric motor ("lift step motor") and on January 9, 2001 determined that

the motor need to be replaced.  Mr. Gendrow placed an order for the new

motor to be delivered to SMMC.  On January 15, 2001, the new motor was

delivered to SMMC and Mr. Gendrow took the new motor to the cutting

table for installation.  The top of the table was in the raised position.  The

cutting table was normally kept in that position so that it would take up less

space.  (Deposition of Donald Erwin Lee 89).  Mr. Gendrow then

determined that the mounting holes for the new motor did not match the

mounting holes on the cutting table for the lift step motor.  The mounting

holes did match the mounting holes for the motor on the raised part of the

table ("table lift motor").  Mr. Gendrow reported his findings to Lorenzo

Valdez ("Mr. Valdez"), an employee of SMMC who maintained the

equipment (Deposition of Donald Erwin Lee at 67, 72), and informed Mr.

Valdez that he intended to remove the table lift motor and replace it with

the new motor and replace the lift step motor with the table lift motor.  Mr.

Valdez left the area.  At approximately 2:30 p.m., the employees of SMMC

heard a loud bang and Mr. Gendrow was found pinned under the lowered

tilt top table.   Mr Gendrow died as a result of the accident.

There is evidence that the hazard posed by the raised tilt top

table was either obvious and apparent or it was neither obvious nor

apparent.  There is also evidence that the accident could have been

avoided if Mr. Gendrow and Mr. Valdez had discussed the potential

hazard, or SMMC had properly implemented a lock-out/tag-out program.

III.      **ARGUMENT**

A.      **Standard for Summary Judgment**

To the extent that Defendant SMMC's arguments may be

supported by the law, genuine issues of material fact exist requiring the

denial of Defendant SMMC's motion for summary judgment.  In order for

the Defendant SMMC to prevail in its motion for summary judgment,

Defendant SMMC must "demonstrate the absence of any genuine issue of

material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809

F.2d 626, 630 (9th Cir.1987) (*citing* Celotex v. Catrett, 477 U.S. 317, 323,

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) *and quoted in* Engle v. Liberty

Mutual Fire Insurance Company, __ F.Supp.2d ___, 2005 WL 3115102

(D.Hawaii July 11, 2005); <u>Kenney v. Paderes</u>, 217 F.Supp.2d 1095, 11096

(D. Haw. 2002) .  In considering Plaintiffs' opposition to Defendant

SMMC's motion for summary judgment, all evidence and inferences must

be construed in favor of the Plaintiff.  "[W]hen "direct evidence" produced

by the moving party conflicts with "direct evidence" produced by the party

opposing summary judgment, "the judge must assume the truth of the

evidence set forth by the nonmoving party with respect to that fact." *T.W.*

*Elec. Serv.,* 809 F.2d at 631. All evidence and inferences must be construed

in the light most favorable to the nonmoving party. *Id.* Inferences may be

drawn from underlying facts not in dispute, as well as from disputed facts

that the judge is required to resolve in favor of the nonmoving party. *Id.*"

<u>Engle</u>, 2005 WL 3115102 at *3.

**B.      Defendant SMMC Breached its Duty to Provide Mr.
          Gendrow with a Safe Work Environment.**

The cause of Mr. Gendrow's death was the collapse of the tilt

top mattress cutting table while Mr. Gendrow was attempting to repair the

cutting table.  In spite of the existence of a lock out/tag out policy,

Defendant SMMC failed to identify to stored energy of the raised table top

as a potential hazard and no precautions were taken by Defendant SMMC

or warnings given by Defendant SMMC to protect Mr. Gendrow from the

hazard posed by the raised table top.  The existence of substantial evidence

that Defendant SMMC's negligent failure to fulfill its duty to Mr. Gendrow

to provide a safe work environment for Mr. Gendrow requires the denial of

Defendant SMMC's motion for summary judgment.

      1.      **Defendant SMMC had a duty to provide Mr.Gendrow with a safe work environment.**

      Defendant SMMC was required by law to provide Mr.

Gendrow with a safe work environment.  Mr. Gendrow's status as an

independent contractor did not relieve Defendant SMMC of that

obligation.  "[T]he duty of the employer to provide a safe place to work

runs to whomever he requires or permits to perform work on his premises."

Michel v. Valdastri, Ltd., 59 Haw. 53, 57 (1978).  The scope of this duty

includes:

> the duty to warn of latent defects existing before the
> work is started that are known to the employer, but are
> not readily observable by the employee.   The employer
> of an independent contractor will also be liable to such
> contractor's employee if he retains some control or
> supervision over the work which negligently injures the

employee.   Finally, the employer is liable for an injury to an
employee of an independent contractor caused by the
negligence of the employer.

Pasquale v. Ohio Power Company, 187 W.Va. 292,  305, 418 S.E.2d 738,

751 (1992).  In the present case there is evidence: 1) that Defendant

SMMC should have known of the hazard to Mr. Gendrow created by

keeping the table top in the raised position based upon Defendant James

Cash Machine Co.'s expert's report that the hazard posed by the raised

table top was obvious; 2) that Defendant SMMC retained some control or

supervision over the work when Mr. Gendrow reported to Mr. Valdez, not

only the condition of the motor, but also the manner in which Mr.

Gendrow intended to replace the motor; and 3) that Defendant SMMC was

negligent in the manner in which it conducted its lock out/tag out policy

and in failing to warn Mr. Gendrow of the hazardous condition created by

the raised table top.

      **2.    Taira v. Oahu Sugar Company, Limited is not the
controlling precedent.**

The substantial factual differences between Taira v. Oahu Sugar

Company, Limited, 1Haw.App. 208, 616 P.2d 1026 (1980) and the present

case compels a different outcome in this case from the outcome in <u>Taira</u> and Defendant SMMC's total reliance on <u>Taira</u> is misplaced.

In <u>Taira</u>, Oahu Sugar Company ("OSC") hired Central Pacific Boiler & Piping, Ltd. ("CPBP") to repair a cane cleaner and drums. <u>Taira</u>, 1 Haw.App. at 209. A CPBP foreperson instructed Taira, a CPBP employee, to tack-weld a scrap iron bar to secure the drums to prevent them from spinning. Taira then placed a plank so that one end rested on the drum and the other end rested on a wall. <u>Id.</u> at 210. While Taira worked from the plank, the tack weld cracked and the drum spun causing Taira to fall from the plank resulting in injury to Taira. Id. These facts differ radically from the facts in the present case. Unlike in <u>Taira</u> in which CPBP was responsible for the tack weld and plank, in the present case Defendant SMMC put and maintained the table top in the raised position. Unlike in <u>Taira</u> in which the injury was caused by the make shift scaffold constructed by CPBP, the injury in the present case was caused by the cutting table and not by any device constructed by Plaintiff. Unlike in <u>Taira</u> where there was no evidence that OSC knew about the makeshift platform, Mr. Gendrow informed Mr. Valdez of his intention to remove the table lift motor. Unlike

in <u>Taira</u> in which OSC warned CPBP that the drums rotated (<u>id.</u> at 213),

Defendant SMMC never warned Mr. Gendrow that the raised table top

would fall if the table lift motor was removed.

In <u>Taira</u>, the summary judgment was affirmed because there

was "no evidence that Oahu Sugar Company violated its duty to provide

the independent contractor and its employees with a reasonably safe place

to work." <u>Taira</u>, 1 Haw.App. at 213. In the present case there is substantial

evidence that Defendant SMMC violated its duty to provide Mr. Gendrow

with a safe place to work. The evidence shows that Defendant SMMC

failed to fully implement a lock out/tag out policy, Defendant SMMC

should have known that the raised table top would fall if the table lift motor

was removed but failed to secure it, and Defendant SMMC failed to warn

Mr. Gendrow of the hazard. In light of the substantial differences between

the facts in <u>Taira</u> and the facts of the present case, the outcome in <u>Taira</u>

should not control the outcome in the present case.

**C.    Mr. Gendrow's Failure to Recognize the Hazard Does Not Absolve Defendant SMMC of its Obligation to Provide a Safe Work Environment.**

Defendant SMMC incorrectly asserts without support that Mr.

10

Gendrow's failure to recognize the danger posed by the raised table top

clears Defendant SMMC of any liability for the injury.  As long as Mr.

Gendrow's conduct was foreseeable, Defendant SMMC owed Mr.

Gendrow a duty to provide a safe work environment for his foreseeable

conduct.  "The test to determine whether an intervening negligent act is a

superseding cause is one of foreseeability of the third person's conduct."

Brown v. Clark Equipment Co., 62 Haw. 530, 540, 618 P.2d 267 (1980).

Even if Mr. Gendrow's conduct was negligent or reckless, if the conduct

was foreseeable by Defendant SMMC and Defendant SMMC should have

known of the unreasonable risk of harm, Defendant SMMC had a duty to

protect Mr. Gendrow from that harm.  Brown, 62 Haw. at 540 ("An act or

an omission may be negligent if the actor realizes or should realize that it

involves an unreasonable risk of harm to another through the negligent or

reckless conduct of the other or a third person."  Id.).

It is undisputed that Mr. Gendrow's conduct was foreseeable in

light of the undisputed evidence that Mr. Gendrow informed Mr. Valdez of

his plan to remove the table lift motor.  There is at least some evidence that

Defendant SMMC should have known about the hazard based on the

11

report of Peter Schwalje. In light of this evidence, the question of whether

or not Defendant SMMC was negligent in not installing a lockout device or

warning Mr. Gendrow should be a question for the jury to determine.

Brown, 62 Haw. at 539-540 *quoted in* Tabieros v. Clark Equipment

Company, 85 Hawaii 336, 355, 944 P.2d 1279 (1997)

**IV.        CONCLUSION**

        For the foregoing reasons, Plaintiffs respectfully submit that the

instant motion be denied and that they be awarded their attorneys' fees

and costs incurred.

        DATED: Honolulu, Hawaii, January 20, 2006.

_____

CHRIS BOUSLOG
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DENISE GENDROW, Individually and
as Personal Representative of THE
ESTATE OF CHARLES EUGENE
GENDROW, JR.; and CHARLES E.
GENDROW III,

          Plaintiffs,

vs.

SIMON MATTRESS
MANUFACTURING COMPANY dba
SERTA MATTRESS COMPANY dba
COYNE MATTRESS
MANUFACTURING COMPANY;
JAMES CASH MACHINE CO.;

          Defendants.
_____

SIMON MATTRESS MANUFAC-
TURING COMPANY,

          Third-Party Plaintiff,

vs.

JAMES CASH MACHINE CO.,

          Third-Party Defendant.
_____

CIVIL NO. CV03 00034 BMK
(Other Non-Vehicle Tort)

**CERTIFICATE OF SERVICE**

JAMES CASH MACHINE CO.,                  )
                                         )
                Fourth-Party Plaintiff,  )
                                         )
        vs.                              )
                                         )
A & B ELECTRIC,                          )
                                         )
                Fourth-Party Defendant.  )
_____  )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within will

be duly served on the following in the manner described below:

|  | **Mailed** | **Delivered** |
|---|---|---|

STEPHEN B. MacDONALD, ESQ.                    (X)
RALPH J. O'NEILL, ESQ.
MacDonald Rudy Byrns O'Neill & Yamauchi
Pacific Tower, Suite 2650
1001 Bishop Street
Honolulu, Hawaii   96813

    Attorneys for Defendants
    and Third-Party Plaintiff
    SIMON MATTRESS
    MANUFACTURING COMPANY
    dba SERTA MATTRESS COMPANY
    dba COYNE MATTRESS
    MANUFACTURING COMPANY

|  | **Mailed** | **Delivered** |
|---|---|---|
|  |  | (X) |

JAMES T. ESTES, JR., ESQ.
Burke McPheeters Bordner & Estes
Pacific Guardian Center
Mauka Tower, Suite 3100
737 Bishop Street
Honolulu, Hawaii 96813

     Attorney for Defendant,
     Third-Party Defendant and
     Fourth-Party Plaintiff
     JAMES CASH MACHINE CO.


PHILLIP A. LI, ESQ.              (X)
Torkildson Katz Fonseca Moore & Hetherington
700 Bishop Street, 15th Floor
Honolulu, Hawaii 96813

     Attorney for Fourth-Party Defendant
     A & B ELECTRIC CO., INC.


     DATED:  Honolulu, Hawaii, January 20, 2006.


                          CHRIS BOUSLOG
                          Attorney for Plaintiffs