ORIGINAL

Of Counsel
MacDONALD RUDY BYRNS
    O'NEILL & YAMAUCHI

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

STEPHEN B. MacDONALD   1545-0
RALPH J. O'NEILL   4705-0
1001 Bishop Street
Suite 2650, Pacific Tower
Honolulu, Hawaii  96813
Telephone: (808) 523-3080
Attorneys for Defendant SIMON
MATTRESS MANUFACTURING
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III, and JEANNE SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> SIMON MATTRESS MANUFACTURING COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; SERTA MATTRESS CORPORATION; JOHN DOES 1-10; DOE CORPORATIONS 2-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED ASSOCIA- | Civil No.  CV03 00034 BMK <br><br> DEFENDANT AND THIRD-PARTY PLAINTIFF SIMON MATTRESS MANUFACTURING COMPANY's STATEMENT OF POSITION REGARDING DEFENDANT JAMES CASH MACHINE CO.'S MOTION FOR SUMMARY JUDGMENT FILED HEREIN ON DECEMBER 14, 2005; CERTIFICATE OF SERVICE <br><br> HEARING: <br> DATE:   February 8, 2005 <br> TIME:   10:00 a.m. <br> JUDGE:  HON. BARRY M. KURREN <br><br> Trial: May 16, 2006 |

TIONS 1-10;                              )
                                          )
                        Defendants.       )
                                          )
_____)
                                          )
SIMON MATTRESS                           )
MANUFACTURING COMPANY,                   )
                                          )
                        Defendant and    )
                        Third-Party      )
                        Plaintiff,       )
                                          )
        vs.                               )
                                          )
DRC CORPORATION,                         )
                                          )
                        Third-Party      )
                        Defendant.       )
_____)

**DEFENDANT AND THIRD-PARTY PLAINTIFF SIMON MATTRESS**
**MANUFACTURING COMPANY's STATEMENT OF POSITION**
**REGARDING DEFENDANT JAMES CASH MACHINE CO.'S MOTION**
**FOR SUMMARY <u>JUDGMENT FILED HEREIN ON DECEMBER 14, 2005</u>**

### <u>Introduction</u>

This Memorandum sets forth the position of Defendant SIMON

MATTRESS MANUFACTURING COMPANY ("Simon") regarding the Motion

for Summary Judgment filed herein on December 14, 2005 by Defendant JAMES

CASH MACHINE CO. ("Cash").

Cash's motion advances five different arguments why it should be

granted summary judgment:

(1)     The alleged "defect" in the cutting table manufactured by Cash is an open, obvious and necessary feature of the product;

(2)     The "alleged dangerous condition" is actually an unforeseeable event created when Charles Eugene Gendrow ("Mr. Gendrow") modified the product;

(3)     Both Mr. Gendrow and Simon were knowledgeable and sophisticated about the product;

(4)     The Plaintiffs' "failure to warn" allegation against Cash seeks to impose a legal duty that did not exist when the product was manufactured; and

(5)     A product can only be judged by the standards in effect at the time of design and manufacture.

While Simon disagrees with grounds (1) and (3), and while Simon takes no position as to grounds (4) and (5), for the same reasons that Simon's own pending Motion for Summary Judgement is meritorious, ground (3) advanced by Cash is likewise meritorious.

## Discussion

Simon agrees with Cash's second argument (i.e., that any alleged "dangerous condition" was created by Mr. Gendrow's own modification of the product). As detailed in Simon's Memorandum in Support of its own pending Motion for Summary Judgment, the manner in which Mr. Gendrow chose to repair

the burned-out electric motor (i.e., his unilateral decision to partially disassemble the cutting table in order to "swap" the table's two electric motors) created the very hazard which caused the fatal accident. That hazard didn't exist prior to Mr. Gendrow's commencement of work. As such, Simon submits that both Simon and Cash are entitled to summary judgment.

Cash's first argument for summary judgment (i.e., that the "alleged defect" in the product was open and obvious) is plainly a genuine issue of material fact not susceptible to summary adjudication under Rule 56, Federal Rules of Civil Procedure.

With regard to Cash's third argument (i.e., that both Mr. Gendrow and Simon were knowledgeable and sophisticated about the product), there is no question but that both Simon and Mr. Gendrow were quite familiar with how the cutting table operated. Simon denies, however, that its familiarity with the operation of the cutting table had anything to do with the accident. Simon had no particular or specialized knowledge regarding repair of the cutting table, hence the obvious reason Simon hired Mr. Gendrow 's company. What caused the accident was Mr. Gendrow's unilateral decision to modify (i.e., attempt to disassemble) the cutting table during the repair and, in the process, create a "hazardous condition" which didn't previously exist (i.e., the ability of the table top to freely rotate).

Simon's knowledge of the product's operation had nothing to do with the "dangerous condition" created by Mr. Gendrow.

In addition, Simon specifically objects to Cash's reliance on (or even reference to) any HIOSH actions taken or any HIOSH citations issued as a result of the fatal accident. Cash's Memorandum in Support of Motion, at pages 7 and 19-20. As a matter of law, evidence of any HIOSH investigation, finding or citation is neither admissible nor even useable in a civil proceeding. See §396-14, Hawaii Revised Statutes.

Simon takes no position with regard to Cash's fourth argument (i.e., that the "failure to warn" allegation seeks to impose a legal duty that did not exist when the product was manufactured) or with regard to Cash' fifth argument (i.e., that a product can only be judged by the standards in effect at the time of its design and manufacture).

DATED: Honolulu, Hawaii; _____ JAN 2 0 2006 _____.


_____
STEPHEN B. MacDONALD
RALPH J. O'NEILL
Attorneys for Defendant SIMON
MATTRESS MANUFACTURING
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH; <br><br> Plaintiffs, <br><br> vs. <br><br> COYNE MATTRESS MANUFACTURING COMPANY; SERTA MATTRESS CORPORATION; JOHN DOES 1-10; DOE CORPORATIONS 2-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED ASSOC-TIONS 1-10; <br><br> Defendants. <br>―――――――――――――――――― <br> SIMON MATTRESS MANUFACTURING COMPANY, <br><br> Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> DRC CORPORATION, <br><br> Third-Party | Civil No.  CV03 00034 BMK <br><br> CERTIFICATE OF SERVICE |

Defendant.                )
_____ )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the dated indicated below, a copy of the foregoing document was duly served by hand delivery/depositing said copy in the United States mail, postage pre-paid, addressed to the following at their last known address:

CHRISTOPHER S. BOUSLOG, ESQ.
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii  96813-4908
Attorney for Plaintiffs DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH

JAMES T. ESTES, JR., ESQ.
Burke McPheeters Bordner & Estes
Suite 3100 - Mauka Tower
Pacific Guardian Cetner
737 Bishop Street
Honolulu, Hawaii 96813
    Attorney for Defendant and Third-Party Defendant
    and Fourth-Party Plaintiff JAMES CASH
    MACHINE CO.

- 2 -

PHILLIP A. LI
Torkildson Katz Fonseca Moore & Hetherington
Topa Financial Center, Bishop Street Tower
700 Bishop Street, 15th Floor
Honolulu, Hawaii 96813
Attorney for Fourth-Party Defendant
A & B ELECTRIC CO., INC.

DATED:  Honolulu, Hawaii, _____JAN 2 0 2006_____.


STEPHEN B. MacDONALD
RALPH J. O'NEILL
Attorneys for Defendant and Third-Party
Plaintiff SIMON MATTRESS
MANUFACTURING COMPANY