**ORIGINAL**

CHRISTOPHER S. BOUSLOG  3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii  96813-4908
Telephone: (808) 550-4995
Facsimile: (808) 550-4996

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFAC-TURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFAC-TURING COMPANY; JAMES CASH MACHINE CO.;<br><br>Defendants. | ) CIVIL NO. CV03 00034 BMK<br>) (Other Non-Vehicle Tort)<br>)<br>) **PLAINTIFFS DENISE GENDROW, Indi-**<br>) **vidually and as Personal Representa-**<br>) **tive of THE ESTATE OF CHARLES**<br>) **EUGENE GENDROW, JR.; CHARLES E.**<br>) **GENDROW III'S MEMORANDUM IN**<br>) **OPPOSITION TO DEFENDANT,**<br>) **THIRD-PARTY DEFENDANT AND**<br>) **FOURTH-PARTY PLAINTIFF JAMES**<br>) **CASH MACHINE CO.'S MOTION FOR**<br>) **SUMMARY JUDGMENT FILED**<br>) **12/14/05; CERTIFICATE OF SERVICE**<br>)<br>) **Hearing Date: February 8, 2006**<br>) **Time: 10:00 a.m.**<br>) |

| | |
|---|---|
| SIMON MATTRESS MANUFAC-<br>TURING COMPANY, | )<br>)<br>) |
|       Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| JAMES CASH MACHINE CO., | )<br>)<br>) |
|       Third-Party Defendant. | )   **TRIAL WEEK: MAY 16, 2006**<br>) |
| JAMES CASH MACHINE CO., | )<br>) |
|       Fourth-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| A & B ELECTRIC, | )<br>) |
|       Fourth-Party Defendant. | )<br>) |

**PLAINTIFFS DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR. and CHARLES E. GENDROW III'S MEMORANDUM IN OPPOSITION TO DEFENDANT, THIRD-PARTY DEFENDANT AND FOURTH-PARTY PLAINTIFF JAMES CASH MACHINE CO.'S MOTION FOR SUMMARY JUDGMENT FILED 12/14/05**

Plaintiffs DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR. and CHARLES E. GENDROW III (collectively "Plaintiffs"), hereby oppose the Defendant, Third-Party Defendant and Fourth-Party Plaintiff James Cash

2

Machine, Co.'s ("JCM," hereinafter) Motion for Summary Judgment filed December 14, 2005 and submit their memorandum in opposition.

I.       **SUMMARY OF ARGUMENT**

The responsibility for Mr. Gendrow's death can only be determined by the resolution of several issues of fact which are presently the subject of conflicting evidence. When the evidence supporting the Plaintiffs claims is presumed to be true, Plaintiffs have established a prima facie case for holding Defendant James Cash Machine Co. strictly liable for having produced and sold a defective product, for being in breach of its duty to warn Mr. Gendrow of the hazardous condition, and for being negligent in its design of the machine that caused Mr. Gendrow's death.

II.      **STATEMENT OF FACTS**

This case arises from an incident in which Charles Gendrow, Jr. ("Mr. Gendrow") died as the result of a table top of a cutting table falling and crushing Mr. Gendrow.

In January of 2001, Mr. Gendrow, while in the employ of A&B Electric Company ("A&B"), went to Simon Mattress Manufacturing Company ("SMMC") to repair an electric motor to a tilt top mattress cutting

table manufactured and sold to SMMC by James Cash Machine Co. ("JCM"). On January 8, 2001, Mr. Gendrow removed the malfunctioning electric motor ("lift step motor") and on January 9, 2001 determined that the motor need to be replaced. Mr. Gendrow placed an order for the new motor to be delivered to SMMC. On January 15, 2001, the new motor was delivered to SMMC and Mr. Gendrow took the new motor to the cutting table for installation. The top of the table was in the raised position. The cutting table was normally kept in that position so that it would take up less space. (Deposition of Donald Erwin Lee 89). Mr. Gendrow then determined that the mounting holes for the new motor did not match the mounting holes on the cutting table for the lift step motor. The mounting holes did match the mounting holes for the motor on the raised part of the table ("table lift motor"). Mr. Gendrow reported his findings to Lorenzo Valdez ("Mr. Valdez"), an employee of SMMC who maintained the equipment (Deposition of Donald Erwin Lee at 67, 72), and informed Mr. Valdez that he intended to remove the table lift motor and replace it with the new motor and replace the lift step motor with the table lift motor. Mr. Valdez left the area. At approximately 2:30 p.m., the employees of SMMC

heard a loud bang and Mr. Gendrow's head and upper body was found pinned under the lowered tilt top table. Mr Gendrow died as a result of the accident.

There is evidence that the hazard posed by the raised tilt top table was either obvious and apparent or it was neither obvious nor apparent. There is also evidence that the accident could have been avoided if Mr. Gendrow and Mr. Valdez had discussed the potential hazard, SMMC had properly implemented a lock-out/tag-out program, JMC had designed the equipment so as not to be defective, and/or JMC had provided warnings of the hazard. (See Buffington Supplemental Report at 15, Exhibit B).

Defendant Simon filed a First Amended Third Party Complaint against Defendant JCM on April 5, 2005, which Defendant JCM answered on July 6, 2005. Plaintiffs filed their Third Amended Complaint on May 18, 2005. Defendant James Cash Machine Co.'s Motion to Dismiss Third Amended Complaint Filed May 18, 2005 based on the statute of limitations argument was denied by Order filed on October 17, 2005.

### III.   ARGUMENT

### A.   Standard for Summary Judgment

To the extent that Defendant JCM's arguments may be supported by the law, genuine issues of material fact exist requiring the denial of Defendant JCM's instant motion for summary judgment. In order for the Defendant JCM to prevail on its motion for summary judgment, Defendant JCM must "demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987) (citing Celotex v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) *and quoted in* Engle v. Liberty Mutual Fire Insurance Company, __ F.Supp.2d ___, 2005 WL 3115102 (D.Hawaii July 11, 2005); Kenney v. Paderes, 217 F.Supp.2d 1095, 11096 (D. Haw. 2002). In considering Plaintiffs' opposition to Defendant JCM's motion for summary judgment, all evidence and inferences must be construed in favor of the Plaintiff. "[W]hen 'direct evidence' produced by the moving party conflicts with 'direct evidence' produced by the party opposing summary judgment, 'the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.' *T.W.*

*Elec. Serv.*, 809 F.2d at 631. All evidence and inferences must be construed in the light most favorable to the nonmoving party. *Id.* Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. *Id.*" Engle, 2005 WL 3115102 at 3.

### B. Prima Facie Case Exists to Support a Jury Determination Holding Defendant JCM Liable Under a Theory of Strict Liability

The cause of Mr. Gendrow's death was the collapse of the tilt top mattress cutting table. The design of the cutting table did not provide for a method to prevent such a collapse or to secure the cutting table in the raised position and Defendant JCM provided no warning of the dangerous condition created by the removal of the table lift motor and the collapse of the cutting table. The failure of Defendant JCM to include in the design of the cutting table a method for securing the raised top of the table constitutes a design defect giving rise to strict liability.

The Plaintiffs' burden for its claim of strict liability of Defendant JCM is to show "(1) a defect in the product which rendered it unreasonably dangerous for its intended or reasonably foreseeable use; and (2) a causal

connection between the defect and the plaintiffs injury." <u>Tabieros v. Clark Equipment Company</u>, 85 Hawaii 336, 354, 944 P.2d 1279 (1997). Plaintiffs have met this burden. The tilt top mattress cutting table did not have a method for securing the cutting table in the raised position other than the balance maintained by the table lift motor. The absence of such a securing mechanism was determined by Gary L. Buffington, a Certified Safety Professional to constitute a product defect. "It is my professional opinion that, from a safety point of view, the tilt top mattress cutting table was defective in that when the table lift electric motor was loosened while the cutting table was in a vertical position the cutting table unintentionally dropped without warning to a horizontal position crushing Mr. Gendrow's head. DRC Corporation and their agents fell far below the standard of care in the manufacturing industry with their failure to incorporate a method to prevent the collapse of the tilt top mattress cutting table, i.e., raising the lift step on the table, blocking cutting table, or by securing the raise top of the table with a rope or chain." See Exhibit "C" to Plaintiffs Concise Statement of Issues of Material Fact for Defendant, Third-Party Defendant and Fourth Party Plaintiff James Cash Machine Co.'s Separate Concise Statement of

Facts in Support of its Motion for Summary Judgment ("Plaintiffs' Concise Statement"). Based upon the opinion of Mr. Buffington, a jury could conclude that Defendant JCM is strictly liable. "The failure of the manufacturer to equip its product with a safety device may constitute a design defect." Ontai v. Straub Clinic and Hospital, Inc., 66 Haw. 237, 243 (1983) *quoted in* Tabeiros, 85 Hawaii at 354. Based upon the absence of a safety device on the tilt top mattress cutting table to secure the table top in a vertical position, a jury could reasonably conclude that Defendant JCM is strictly liable for the death of Mr. Gendrow.

### C.     Defendant Had a Duty to Warn.

Defendant JCM's liability is also established by Defendant JCM's failure to provide Mr. Gendrow with any warning of the hazard. Mr. Buffington opined that "It is my professional opinion that from a safety point of view, DRC Corporation (the predecessor to JCM) and their agents were negligent and fell far below the standard of care in the manufacturing industry with their failure to provide a "WARNING" of the dangerous condition created when the table lift motor was loosened and/or removed which subsequently causes the vertical cutting table to unintentionally drop

to a horizontal position creating a dangerous condition that resulted in a fatal injury." See Exhibit "B"&"C" to Plaintiffs' Concise Statement. While Defendant JCM insists that the hazard was obvious and therefore no warning was necessary, when asked if it was evident that the removal of the chain would make the table freewheeling, Donald Lee testified: "That's the one thing that has bothered me the most is how I would ever figure that out looking at the machine. I couldn't. Even after the fact I looked at it and looked at it, and I don't know how I would ever figure that out." Deposition of Donald Erwin Lee at 80 (Exhibit "A" to Plaintiffs' Concise Statement). See also id. at 98 (When asked if it was self-evident, Mr. Lee testified "It was not." Exhibit "B" to Plaintiffs' Concise Statement).

There is no evidence that Defendant JCM either provided instructions for the safe use of the tilt top mattress cutting table or warned of the hazards of making repairs to the machine while the top table was vertical. Deposition of David R. Cash at 45, 90, 91-92; and, Supplemental Report of Gary Buffington attached as Exhibits "D" & "B" to Plaintiffs' Concise Statement. "A duty to warn actually consists of two duties: One is to give adequate instructions for safe use; and the other is to give a warning

as to dangers inherent in improper use." Ontai, 66 Haw. at 248. If the danger was obvious to Defendant JCM as suggested by the report of Peter J. Schwalje, Defendant JCM had a duty to warn Mr. Gendrow of that known danger. "[A] manufacturer must give appropriate warning of any known dangers which the user of its product would not ordinarily discover." (Footnotes omitted) Tabieros, 85 Hawaii at 354-55 quoting Ontai, 66 Haw. at 248. Defendant JCM contends that the danger was so obvious that the known hazard did not create an unreasonable risk. However, that is an issue for the jury. "The creation of any unreasonable danger is enough to establish negligence, even though the danger is obvious." Tabieros, 85 Hawaii at 355 quoting Wagatsuma v. Patch, 10 Haw. App. 547, 570 (1994) citations omitted.

### D. Plaintiffs' Wrongful Death Claim Is Not Barred by the Statute of Limitations.

Defendant JCM raised the statute of limitations in Defendant James Cash Machine Co.'s Motion to Dismiss Third Amended Complaint Filed May 18, 2005. That motion was denied on the merits by Order filed on October 17, 2005. Under the doctrine of law of the case, the

reconsideration of issues previously decided is improper. <u>Casumpang v. International Longshore & Warehouse Union, Local 142</u>, 297 F.Supp.2d 1238, 1249 (D. Haw. 2003).

## IV.     **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that the instant motion be denied and that they be awarded their attorneys' fees and costs incurred.

DATED: Honolulu, Hawaii, January 20, 2006.

_____
CHRIS BOUSLOG
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III, | ) CIVIL NO. CV03 00034 BMK<br>) (Other Non-Vehicle Tort)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.; | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| SIMON MATTRESS MANUFAC-TURING COMPANY, | )<br>) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| JAMES CASH MACHINE CO., | ) |
| Third-Party Defendant. | ) |

```
JAMES CASH MACHINE CO.,        )
                               )
         Fourth-Party Plaintiff, )
                               )
   vs.                         )
                               )
A & B ELECTRIC,                )
                               )
         Fourth-Party Defendant. )
_____)
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within will be duly served on the following in the manner described below:

|  | **Mailed** | **Delivered** |
|---|---|---|
| STEPHEN B. MacDONALD, ESQ.<br>RALPH J. O'NEILL, ESQ.<br>MacDonald Rudy Byrns O'Neill & Yamauchi<br>Pacific Tower, Suite 2650<br>1001 Bishop Street<br>Honolulu, Hawaii  96813<br><br>   Attorneys for Defendants<br>   and Third-Party Plaintiff<br>   SIMON MATTRESS<br>   MANUFACTURING COMPANY<br>   dba SERTA MATTRESS COMPANY<br>   dba COYNE MATTRESS<br>   MANUFACTURING COMPANY | (X) |  |

|  | Mailed | Delivered |
|---|---|---|
| JAMES T. ESTES, JR., ESQ.<br>Burke McPheeters Bordner & Estes<br>Pacific Guardian Center<br>Mauka Tower, Suite 3100<br>737 Bishop Street<br>Honolulu, Hawaii 96813<br><br>    Attorney for Defendant,<br>    Third-Party Defendant and<br>    Fourth-Party Plaintiff<br>    JAMES CASH MACHINE CO. | (X) | |
| PHILLIP A. LI, ESQ.<br>Torkildson Katz Fonseca Moore & Hetherington<br>700 Bishop Street, 15th Floor<br>Honolulu, Hawaii 96813<br><br>    Attorney for Fourth-Party Defendant<br>    A & B ELECTRIC CO., INC. | (X) | |

DATED: Honolulu, Hawaii, January 20, 2006.

/s/ Chris Bouslog
CHRIS BOUSLOG
Attorney for Plaintiffs

3