*Kouslog*
*Four ... Floor*
*...*
*...*

Of Counsel
MacDONALD RUDY BYRNS
    O'NEILL & YAMAUCHI

STEPHEN B. MacDONALD    1545-0
RALPH J. O'NEILL        4705-0
American Savings Bank Tower
1001 Bishop Street, Suite 2650
Honolulu, Hawaii 96813
Telephone: (808) 523-3080
Facsimile:  (808) 523-0759
Email:  sbm@hawaii.rr.com
        rjo@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 5 2005

at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

Attorneys for Defendant and Third-Party Plaintiff
SIMON MATTRESS MANUFACTURING COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENISE GENDROW, individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH; | ) ) ) ) ) ) | CIVIL NO.  CV03 00034 DAE BMK (Other Non-Vehicle Tort) DEFENDANT AND THIRD-PARTY PLAINTIFF SIMON MATTRESS MANUFACTURING |
| Plaintiffs, | ) ) ) | COMPANY'S **FIRST AMENDED THIRD-PARTY COMPLAINT**; |
| vs. | ) ) ) | EXHIBIT "A"; SUMMONS; CERTIFICATE OF SERVICE |
| COYNE MATTRESS MANUFACTURING COMPANY; SERTA MATTRESS CORPORATION; JOHN DOES 1-10; DOE CORPORATIONS 2-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED | ) ) ) ) ) ) ) ) ) ) | **TRIAL:**    **September 7, 2005** |

# EXHIBIT "D"

| | |
|---|---|
| ASSOCIATIONS 1-10; | ) |
| | ) |
| Defendants. | ) |
| | ) |
| ———————————————— | ) |
| | ) |
| SIMON MATTRESS | ) |
| MANUFACTURING COMPANY, | ) |
| | ) |
| Defendant and | ) |
| Third-Party | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES CASH MACHINE CO., a | ) |
| Kentucky Corporation, | ) |
| | ) |
| Third-Party | ) |
| Defendant. | ) |
| ———————————————— | ) |

## DEFENDANT AND THIRD-PARTY PLAINTIFF SIMON MATTRESS MANUFACTURING COMPANY'S **FIRST AMENDED THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff SIMON MATTRESS

MANUFACTURING COMPANY ("Simon"), for First Amended Third-Party

Complaint against Third-Party Defendant JAMES CASH MACHINE CO.

("JCM"), states:

      1.    Simon is a California corporation doing business in the State

of Hawaii.

2.    JCM is a Kentucky corporation which has done business in Hawaii and/or has introduced products into the stream of commerce which have foreseeably made their way to the State of Hawaii.

3.    On January 13, 2003, Plaintiffs filed a First Amended Complaint against Simon and others alleging that they sustained damages as a result of the January 15, 2001 wrongful death of Plaintiffs' Deceased, CHARLES EUGENE GENDROW, JR., whose death occurred when a cutting table upon which Gendrow was working collapsed ("cutting table"). *See First Amended Complaint attached as Exhibit "A."*

4.    JCM designed, manufactured, sold, marketed and/or distributed the cutting table.

5.    At all times relevant, JCM was in the business of designing, manufacturing, selling and/or marketing cutting tables.

6.    If any Plaintiffs sustained any damages as alleged in the First Amended Complaint, then such damages were proximately caused, in whole or in part, by the breach of contract, breach of warranty, strict liability, negligence and/or fault of JCM.

WHEREFORE, Simon prays for judgment on its First Amended Third-Party Complaint against JCM as follows:

A.    If Simon and JCM are determined to be joint tortfeasors, then Simon have judgment over and against JCM by way of contribution for any excess which may be paid by Simon over and above its pro rata share of such judgment.

B.    Simon have judgment against JCM indemnifying Simon for any amount Simon has to pay Plaintiffs in damages.

C.    Simon be awarded its costs and attorneys' fees from JCM.

D.    Simon be awarded such other relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, _____APR - 4_____, 2005.


_____
STEPHEN B. MacDONALD
RALPH J. O'NEILL

Attorneys for Defendant and
Third-Party Plaintiff
SIMON MATTRESS
MANUFACTURING COMPANY

JAN 15 '03  12:04PM SERTA MATTRESS HI. (808)676-5822                    P.2

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 JAN 13 PM 3:57

N. ANAYA
CLERK

CHRISTOPHER S. BOUSLOG  3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii 96813-4908
Telephone: (808) 550-4995

Attorney for Plaintiffs
DENISE GENDROW,
Individually and as Personal
Representative of THE ESTATE OF
CHARLES EUGENE GENDROW, JR.;
CHARLES E. GENDROW III; and JEANNE SMITH

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH; <br><br> Plaintiffs, <br><br> vs. <br><br> COYNE MATTRESS MANUFACTURING COMPANY; SERTA MATTRESS CORPORATION; JOHN DOES 1-10; DOE CORPORATIONS 2-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED ASSOCIATIONS 1-10; <br><br> Defendants. | CIVIL NO. 02-1-3018-12 DDD ARBITRATION NO. 02-1-3018 (Other Non-Vehicle Tort) <br><br> FIRST AMENDED COMPLAINT; SUMMONS <br><br><br><br><br><br><br><br><br><br><br> NO TRIAL DATE SET |

Exhibit "A"

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

JAN 15 '03  12:05PM  SERTA MATTRESS HI. (808)676-5822                    P.4

## FIRST AMENDED COMPLAINT

Plaintiffs DENISE GENDROW, individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH, by and through their attorney undersigned, allege as follows:

### COUNT I:

1.     This action is brought by Denise Gendrow, individually and on behalf of the Estate of Charles Eugene Gendrow, Jr., Charles E. Gendrow III and Jeanne Smith.  Said parties will hereinafter be referred to collectively as "Plaintiffs."

2.     At all times relevant to the events set forth herein, Plaintiff Denise Gendrow ("Mrs. Gendrow," hereinafter) was the wife of decedent Charles Eugene Gendrow, Jr. ("Mr. Gendrow" or "decedent" sometimes hereinafter).

3.     Charles E. Gendrow III is the son and Jeanne Smith the daughter of decedent Charles Eugene Gendrow, Jr.

4.     Denise Gendrow, is the duly appointed Personal Representative of the Estate of Charles E. Gendrow, Jr. in a probate court filing in the Circuit Court of the First Circuit, State of Hawaii.

5.     At all times relevant to the events set forth herein, Mrs. Gendrow and her husband, decedent Charles Eugene Gendrow, Jr., were residents of the City and County of Honolulu, State of Hawaii; Mrs. Gendrow and her daughter Plaintiff Jeanne Smith ("Mrs. Smith," sometimes hereinafter) are currently residents of Merrimack, New Hampshire.

6.    Charles E. Gendrow III is a resident of Milford, Virginia.

7.    At all times mentioned herein, Defendant COYNE MATTRESS MANUFACTURING COMPANY ("Coyne Mattress" hereinafter) was and is now a California corporation, partnership and/or other business entity duly organized and existing under and by virtue of the laws of California which conducted and continues to conduct business operations in the City and County of Honolulu, State of Hawaii.

8.    At all times mentioned herein, Defendant SERTA MATTRESS CORPORATION ("Serta Mattress" hereinafter) was and is now a corporation, partnership and/or other business entity which conducted and continues to conduct business operations in the City and County of Honolulu, State of Hawaii.

9.    The true names, identities or capacities, whether individual, corporate, associate, partnership, representative or otherwise of Defendants John Doe 1 through John Doe 10, Doe Corporations 2-10, Doe Partnerships 1-10, Doe Governmental Entities 1-10, and Doe Unincorporated Associations 1-10, and their involvement herein are unknown to Plaintiffs who, therefore, sue said Defendants by such fictitious names, and Plaintiffs will seek leave of Court to amend their pleading to set forth the true names and capacities of such fictitiously named Defendants when the same become known to them.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein by a fictitious name acted in some manner negligently, intentionally, wantonly, willfully, recklessly, maliciously and with conscious disregard of the consequences of their acts and is in some manner responsible

3

and/or strictly liable for the acts, conducts, omissions and failures as hereinafter alleged concerning the events and happenings herein referred to, and that said acts, conducts, omissions and failures, whether negligent, intentional, wanton, willful, reckless, malicious, or with conscious disregard of the consequences of their acts, directly and proximately caused injury and damage to Plaintiffs as herein alleged and otherwise.

10.    Plaintiffs have made a diligent and good faith effort to ascertain the full name, identity and interest in this action of Defendants John Does 1-10, Doe Corporations 2-10, Doe Partnerships 1-10, Doe Governmental Entities 1-10 and Doe Unincorporated Associations 1-10, including but not limited to the following: investigative efforts to locate other persons and entities which may have contributed to causing this accident and identifying their roles with the respect to same which included but not limited to internet investigations and searches and inquiries conducted through private investigations.

11.    At all times relevant hereto, Coyne Mattress and/or Serta Mattress operated a factory in Honolulu, Hawaii where bedding mattresses were assembled and constructed.

12.    At all times relevant hereto, Mr. Gendrow was employed by A&B Electric Company ("A&B Electric," hereinafter) in the City and County of Honolulu, State of Hawaii; A&B Electric is an electrical contractor which installs, maintains and repairs electrical systems, including but not limited to electric motors.

4

13.    On or about January 15, 2001, while in the course of his employment with A&B Electric, Mr. Gendrow went to Coyne Mattress' and/or Serta Mattress' factory in Honolulu, Hawaii to install an electric motor into a tilt top mattress cutting table used to cut fabric for mattresses; while working on one of the electric motors servicing the cutting table, the raised table top fell, crushing Mr. Gendrow between the bottom of the table and the supporting frame; the force of the impact caused Mr. Gendrow's death.

14.    The collapse of the table top was preventable by a number of easily available methods including but not limited to raising the lift step on the table and blocking it or by securing the raised top of the table with a rope or chain.

15.    Coyne Mattress and Serta Mattress had a duty to devise, implement and conduct initial and annual audits and training concerning "Lock Out - Tag Out" programs ("LOTO," hereinafter) to identify and eliminate hazards posed by electrical and mechanical energy such as those presented by the cutting table.

16.    Prior to the collapse of the cutting table top, Coyne Mattress and/or Serta Mattress disregarded and violated the provisions of its own LOTO program which included a procedure for controlling stored energy which directed the company to "block or brace all parts that could fall because of gravity".

17.    Prior to the collapse of the cutting table top, Coyne Mattress and/or Serta Mattress additionally failed to conduct initial and annual audits of its LOTO program.

5

18.     Prior to the collapse of the cutting table top, Coyne Mattress and/or Serta Mattress failed to train its employees to implement LOTO procedures and failed to train its employees on how to determine which provisions of its LOTO program should be employed for specific tasks.

19.     Prior to the collapse of the cutting table top, Coyne Mattress and/or Serta Mattress failed to discuss its LOTO provisions and failed to discuss safety measures necessary for working on the cutting table with either A&B Electric or Mr. Gendrow.

20.     Prior to the collapse of the cutting table top, Coyne Mattress and/or Serta Mattress failed to have a worker familiar with the cutting table and LOTO procedures present with Mr. Gendrow while he worked on the table.

21.     Prior to the collapse of the cutting table top, in situations where an outside contractor such as A&B Electric was scheduled to work on its premises, Coyne Mattress' and/or Serta Mattress' respective LOTO programs failed to have provisions for determining which company's LOTO program should be employed.

22.     The aforesaid occurrence and Plaintiffs' losses and damages were directly and proximately caused by the negligence and/or strict liability of Coyne Mattress and/or Serta Mattress.

JAN 15 '03 12:06PM SF  9 MATTRESS HI. (808)676-5822                           P.9

23.    As a direct and proximate result of the foregoing, Mr. Gendrow died and Plaintiffs have sustained general and special damages, including but not limited to pain and suffering, mental anguish, loss of enjoyment of life, severe emotional distress, loss of past and future income, loss of earning capacity and have incurred and will continue to incur medical, hospital and related expenses.

## COUNT II:

24. Plaintiffs repeat and reallege the allegations contained in Count I.

25. Plaintiffs' injuries and losses were caused by the grossly negligent, reckless and/or wilful and wanton misconduct of Coyne Mattress and/or Serta Mattress its owners, managers, representatives, agents, servants and/or employees and/or were caused by these persons' conscious disregard of the consequences of their acts.

26.    Defendants Coyne Mattress and/or Serta Mattress their owners, managers, representatives, agents, servants and/or employees consciously and/or recklessly disregarded that the above-mentioned failures to audit, devise, implement, effectuate, communicate and coordinate LOTO procedures, including but not limited to those related to Mr. Gendrow's work on the cutting table, were unreasonably dangerous.

27.    Defendant Coyne Mattress and/or Serta Mattress, their owners, managers, representatives, agents, servants and/or employees willfully, wantonly and/or recklessly disregarded the risks caused by the above-noted breaches and failures and/or they were grossly negligent.

7

JAN 15 '03 12:07PM ? TA MATTRESS HI. (808)676-5822                    P.10

28.    As a direct and proximate result of the foregoing, Mr. Gendrow died and Plaintiffs have sustained general and special damages, including but not limited to pain and suffering, mental anguish, loss of enjoyment of life, severe emotional distress, loss of past and future income, loss of earning capacity and have incurred and will continue to incur medical, hospital and related expenses; Plaintiffs are also thereby entitled to an award of punitive and/or exemplary damages.

**COUNT III:**

29.  Plaintiffs repeat and reallege the allegations contained in Counts I & II.

30.    As a direct and proximate result of the foregoing, Plaintiff Denise Gendrow has lost the love, affection, care, society, attention, advice, counsel and spousal consortium of her husband Charles Eugene Gendrow, Jr.

31.    As a direct and proximate result of the foregoing, Plaintiffs Charles E. Gendrow III and Jeanne Smith have lost the parental consortium, love, care, society and advice of their father, Charles Eugene Gendrow, Jr.

WHEREFORE, Plaintiffs pray upon a hearing hereof that they have judgment against Defendants, jointly and severally, awarding Plaintiffs the following relief:

A.    General, special, punitive and/or exemplary damages in amounts which shall be determined at trial but which damages exceed the minimum jurisdictional amounts of the above-entitled Court;

8

B.      Cost of suit herein;

C.      Pre-judgment interest from the date of Plaintiff's injuries and damages;

D.      Post judgment interest;

E.      Attorneys' fees; and,

F.      Such other and further relief as this Court may deem just and proper.


DATED: Honolulu, Hawaii, January 13, 2003.


CHRISTOPHER S. BOUSLOG
Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH;<br><br>                 Plaintiffs,<br><br>   vs.<br><br>COYNE MATTRESS MANUFACTURING COMPANY; SERTA MATTRESS CORPORATION; JOHN DOES 1-10; DOE CORPORATIONS 2-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED ASSOCIATIONS 1-10;<br><br>                 Defendants. | CIVIL NO. 02-1-3018-12 DDD<br>ARBITRATION NO. 02-1-3018<br>(Other Non-Vehicle Tort)<br><br>**SUMMONS** |

## SUMMONS

STATE OF HAWAII
TO THE ABOVE-NAMED DEFENDANTS:

        You are hereby summoned and required to serve upon Law Offices of Chris Bouslog, Plaintiffs' attorneys, whose address is Four Waterfront Plaza, Suite 480, 500 Ala Moana Boulevard, Honolulu, Hawaii 96813-4908, an answer to the First Amended Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

JAN 15 '03  12:07PM  TA MATTRESS HI. (808)676-5822                                P.12

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.


DATED:  Honolulu, Hawaii, _____ JAN 1 3 2003 _____


N. ANAYA     **SEAL** (FIRST CIRCUIT COURT STATE OF HAWAII)

Clerk of the Above-Entitled Court

---

CIVIL NO. 02-1-3018-12 DDD; GENDROW, Denise, et al. v. COYNE MATTRESS, et al.; "SUMMONS"

# ADDITIONAL CLAIMS INFORMATION SHEET

JAN 1 3 2003

| | |
|---|---|
| **I. Filing Attorney**<br>Christopher S. Bouslog  3087-0<br>Law Offices of Chris Bouslog<br>Four Waterfront Plaza, Suite 480<br>500 Ala Moana Boulevard<br>Honolulu, Hawaii  96813-4908  PH: (808) 550-4995 | **II. Civil No.**<br><br>02-1-3018-12 DDD |

**III. Case Name** Denise Gendrow, Individually and as Personal Representative of the Estate of Charles Eugene Gendrow, Jr., Charles E. Gendrow III, Jeanne Smith, Plaintiffs, vs. Coyne Mattress Manufacturing Company, John Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, Doe Governmental Entities 1-10, Doe Unincorporated Associations 1-10.

**IV. Title of Pleading**

First Amended Complaint; Summons

**V. Does the above pleading join any additional party(ies) not previously named?**   _X_ Yes   _____ No

If "yes," please list **each additional party(ies)** below:

| | Name(s) | Party Designation |
|---|---|---|
| 1. | Serta Mattress Corporation | Defendant |
| 2. | | |
| 3. | | |
| 4. | | |

If additional space is needed, please attach additional sheet.

**VI. Does the above pleading remove any party(ies) previously named?**   _____ Yes   _X_ No

If "yes," please list **each party** who has been **removed:**

| | Name(s) | Party Designation |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

If additional space is needed, please attach additional sheet.

| **II. Signature of Filing Attorney** | **Date** |
|---|---|
| *[signature]* | January 13, 2003 |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Hawaii

DENISE GENDROW, ET AL
Plaintiff,

v.

**SUMMONS IN A CIVIL ACTION**

COYNE MATTRESS MANUFACTURING
COMPANY, ET AL.
Defendants.

CASE NUMBER:    CV03 00034 DAE BMK

TO: (Name and address of Defendant)

JAMES CASH MACHINE CO.
100 Outer Loop
Louisville, Kentucky

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stephen B. MacDonald, Esq.
MacDonald Rudy Byrns O'Neill & Yamauchi
1001 Bishop Street, Suite 2650
American Savings Bank Tower
Honolulu, Hawaii  96813

First Amended Third-Party
an answer to the/complaint which is served on you with this summons, within _____twenty (20)_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

WALTER A.Y.H. CHINN

APR 2005

CLERK                                         DATE



(By) DEPUTY CLERK

AO 440  (Rev. 8/01)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL   $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                                        *Signature of Server*


                                                      _____
                                                              *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and JEANNE SMITH;<br><br>       Plaintiffs,<br><br>   vs.<br><br>COYNE MATTRESS MANUFACTURING COMPANY; SERTA MATTRESS CORPORATION; JOHN DOES 1-10; DOE CORPORATIONS 2-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED ASSOCIATIONS 1-10;<br><br>       Defendants. | CIVIL NO.  CV03 00034 DAE BMK<br><br>CERTIFICATE OF SERVICE |

SIMON MATTRESS                    )
MANUFACTURING COMPANY,            )
                                  )
          Defendant and           )
          Third-Party             )
          Plaintiff,              )
                                  )
    vs.                           )
                                  )
JAMES CASH MACHINE CO., a         )
Kentucky Corporation,             )
                                  )
          Third-Party             )
          Defendant.              )
_____ )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a

copy of the foregoing document was duly served by hand delivery to the following

at their last known addresses:

          CHRISTOPHER S. BOUSLOG, ESQ.
          Law Offices of Chris Bouslog
          Four Waterfront Plaza, Suite 480
          500 Ala Moana Boulevard
          Honolulu, Hawaii 96813

          Attorney for Plaintiffs DENISE GENDROW, individually and
          as Personal Representative of THE ESTATE OF CHARLES
          EUGENE GENDROW, JR.; CHARLES E. GENDROW III; and
          JEANNE SMITH

- 2 -

PAUL YAMAMURA, ESQ.
WESLEY D. SHIMAZU, ESQ.
Yamamura & Shimazu
Central Pacific Plaza, Suite 1770
220 S. King Street
Honolulu, Hawaii   96813

Attorneys for Third-Party Defendant
JAMES CASH MACHINE COMPANY

DATED:  Honolulu, Hawaii, April 5, 2005.


STEPHEN B. MacDONALD
RALPH J. O'NEILL

Attorneys for Defendant and Third-Party
Plaintiff SIMON MATTRESS
MANUFACTURING COMPANY

- 3 -