CHRISTOPHER S. BOUSLOG 3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii 96813-4908
Telephone: (808) 550-4995
Facsimile: (808) 550-4996

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 8 2005

at 10 o'clock and 55 min. a M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.;<br><br>Defendants. | CIVIL NO. CV03 00034 DAE BMK<br>(Other Non-Vehicle Tort)<br><br>**THIRD AMENDED COMPLAINT; SUMMONS**<br><br>**TRIAL WEEK: SEPTEMBER 7, 2005** |

**EXHIBIT "E"**

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By [signature]
Deputy

SIMON MATTRESS MANUFACTURING COMPANY, )
)
Third-Party Plaintiff, )
)
vs. )
)
JAMES CASH MACHINE CO., )
)
Third-Party Defendant. )
)

**SECOND AMENDED COMPLAINT**

Plaintiffs DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III, by and through their attorney undersigned, allege as follows:

**COUNT I:**

1. This action is brought by Denise Gendrow, individually and on behalf of the Estate of Charles Eugene Gendrow, Jr., and Charles E. Gendrow III. Said parties will hereinafter be referred to collectively as "Plaintiffs."

2. At all times relevant to the events set forth herein, Plaintiff Denise Gendrow ("Mrs. Gendrow," hereinafter) was the wife of decedent Charles Eugene Gendrow, Jr. ("Mr. Gendrow" or "decedent" sometimes hereinafter).

3. Charles E. Gendrow III is the son of decedent Charles Eugene Gendrow, Jr.

4. Denise Gendrow, is the duly appointed Personal Representative of the Estate of Charles E. Gendrow, Jr. in a probate court filing in the Circuit Court of the First Circuit, State of Hawaii.

5. At all times relevant to the events set forth herein, Mrs. Gendrow and her husband, decedent Charles Eugene Gendrow, Jr., were residents of the City and County of Honolulu, State of Hawaii.

6. Mrs. Gendrow and Charles E. Gendrow III are currently residents of Milford, Virginia.

7. At all times mentioned herein, Defendant SIMON MATTRESS MANUFACTURING COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY, dba SERTA MATTRESS COMPANY

("Simon" hereinafter) was and is now a California corporation, partnership and/or other business entity duly organized and existing under and by virtue of the laws of California which conducted and continues to conduct business operations in the City and County of Honolulu, State of Hawaii.

8. At all times mentioned herein, Defendant JAMES CASH MACHINE CO. ("JMC" hereinafter) was and is now a Kentucky corporation, partnership and/or other business entity duly organized and existing under and by virtue of the laws of KENTUCKY.

9. At all times relevant hereto, Simon, Coyne Mattress and/or Serta Mattress operated a factory in Honolulu, Hawaii where bedding mattresses were assembled and constructed.

10. DRC CORPORATION ("DRC" hereinafter), a Kentucky corporation, partnership and/or other business entity duly organized and existing under and by virtue of the laws of KENTUCKY and/or Defendant JCM designed manufactured, sold, marketed and/or distributed tilt top mattress cutting tables for the manufacture of mattresses.

11. At all times relevant hereto, JCM and/or entities it acquired, was in the business of designing, manufacturing, selling and/or marketing tilt top mattress cutting tables for the manufacture of mattresses.

12. On or about February 1, 1970, DRC merged with JCM. On the date of the merger, JCM assumed the liabilities and debts of DRC.

13. At all times relevant hereto, Mr. Gendrow was employed by A&B Electric Company ("A&B Electric," hereinafter) in the City and County of Honolulu, State of Hawaii; A&B Electric is an electrical contractor which installs, maintains and repairs electrical systems, including but not limited to electric motors.

14. On or about January 15, 2001, while in the course of his employment with A&B Electric, Mr. Gendrow went to Simon's factory in Honolulu, Hawaii to install an electric motor into a tilt top mattress cutting table manufactured, sold and/or distributed by DRC and/or JMC which was used to cut fabric for mattresses; while working on one of the electric motors servicing the cutting table, the raised table top fell, crushing Mr. Gendrow between the bottom of the table and the supporting frame; the force of the impact caused Mr. Gendrow's death.

15. The collapse of the table top was preventable by a number of easily available methods including but not limited to raising the lift step on the table and blocking it or by securing the raised top of the table with a rope or chain.

16. Simon had a duty to devise, implement and conduct initial and annual audits and training concerning "Lock Out - Tag Out" programs ("LOTO," hereinafter) to identify and eliminate hazards posed by electrical and mechanical energy such as those presented by the cutting table.

17. Prior to the collapse of the cutting table top, Simon disregarded and violated the provisions of its own LOTO program which included a procedure for controlling stored energy which directed the company to "block or brace all parts that could fall because of gravity".

18. Prior to the collapse of the cutting table top, Simon additionally failed to conduct initial and annual audits of its LOTO program.

19. Prior to the collapse of the cutting table top, Simon failed to train its employees to implement LOTO procedures and failed to train its employees on how to determine which provisions of its LOTO program should be employed for specific tasks.

20. Prior to the collapse of the cutting table top, Simon failed to discuss its LOTO provisions and failed to discuss safety measures necessary for working on the cutting table with either A&B Electric or Mr. Gendrow.

21. Prior to the collapse of the cutting table top, Simon failed to have a worker familiar with the cutting table and LOTO procedures present with Mr. Gendrow while he worked on the table.

22. Prior to the collapse of the cutting table top, in situations where an outside contractor such as A&B Electric was scheduled to work on its premises, Simon's LOTO programs failed to have provisions for determining which company's LOTO program should be employed.

23. The aforesaid occurrence and Plaintiffs' losses and damages were directly and proximately caused by the negligence of Simon.

24. As a direct and proximate result of the foregoing, Mr. Gendrow died and Plaintiffs have sustained general and special damages, including but not limited to pain and suffering, mental anguish, loss of enjoyment of life, severe emotional distress, loss of past and future income, loss of earning capacity and have incurred and will continue to incur medical, hospital and related expenses.

**COUNT II:**

25. Plaintiffs repeat and reallege the allegations contained in Count I.

26. Plaintiffs' injuries and losses were caused by the grossly negligent, reckless and/or wilful and wanton misconduct of Simon its owners, managers, representatives, agents, servants and/or employees and/or were caused by these persons' conscious disregard of the consequences of their acts.

27. Defendant Simon its owners, managers, representatives, agents, servants and/or employees consciously and/or recklessly disregarded that the above-mentioned failures to audit, devise, implement, effectuate, communicate and coordinate LOTO procedures, including but not limited to those related to Mr. Gendrow's work on the cutting table, were unreasonably dangerous.

28. Defendant Simon its owners, managers, representatives, agents, servants and/or employees willfully, wantonly and/or recklessly disregarded the risks caused by the above-noted breaches and failures and/or they were grossly negligent.

29. As a direct and proximate result of the foregoing, Mr. Gendrow died and Plaintiffs have sustained general and special damages, including but not limited to pain and suffering, mental anguish, loss of enjoyment of life, severe emotional distress, loss of past and future income, loss of earning capacity and have incurred and will continue to incur medical, hospital and related expenses.

**COUNT III:**

30. Plaintiffs repeat and reallege the allegations contained in Counts I & II.

31. The tilt top mattress cutting table sold to Defendant Simon by Defendant JMC was unreasonably dangerous to maintain and/or repair, failed to have lock out/tag out features designed into the machine, failed to have adequate or reasonable warnings, instructions and/or manuals and Defendant JMC failed to circulate product advisories and warnings to the purchasers of the cutting table.

32. Plaintiffs' injuries and losses were caused, in whole or in part, by the breach of warranty, strict liability, negligence, and/or other fault of JMC.

33. As a direct and proximate result of the foregoing, Mr. Gendrow died and Plaintiffs have sustained general and special damages, including but not limited to pain and suffering, mental anguish, loss of enjoyment of life, severe emotional distress, loss of past and future income, loss of earning capacity and have incurred and will continue to incur medical, hospital and related expenses.

**COUNT IV:**

34. Plaintiffs repeat and reallege the allegations contained in Counts I, II & III.

35. As a direct and proximate result of the foregoing, Plaintiff Denise Gendrow has lost the love, affection, care, society, attention, advice, counsel and spousal consortium of her husband Charles Eugene Gendrow, Jr.

36. As a direct and proximate result of the foregoing, Plaintiff Charles E. Gendrow III has lost the parental consortium, love, care, society and advice of his father, Charles Eugene Gendrow, Jr.

WHEREFORE, Plaintiffs pray upon a hearing hereof that they have judgment against Defendants, jointly and severally, awarding Plaintiffs the following relief:

A. General and special damages in amounts which shall be determined at trial but which damages exceed the minimum jurisdictional amounts of the above-entitled Court;

B. Cost of suit herein;

C. Pre-judgment interest from the date of Plaintiff's injuries and damages;

D. Post judgment interest;

E. Attorneys' fees; and,

F. Such other and further relief as this Court may deem just and proper.

DATED: Honolulu, Hawaii, May 18, 2005.

CHRISTOPHER S. BOUSLOG
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III;<br><br>Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.;<br><br>Defendants. | CIVIL NO. CV03 00034 DAE BMK (Other Non-Vehicle Tort)<br><br>**SUMMONS** |
| SIMON MATTRESS MANUFACTURING COMPANY,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>JAMES CASH MACHINE CO.,<br><br>Third-Party Defendant. | |

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon the Law Offices of Chris Bouslog, Plaintiffs' attorneys, whose address is Four Waterfront Plaza, Suite 480, 500 Ala Moana Boulevard, Honolulu, Hawaii 96813-4908, an answer to the Third Amended Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Third Amended Complaint.

A failure to obey this summons will result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, MAY 18 2005.




Clerk of the Above-Entitled Court

Civil No. CV03 00034 DAE BMK; GENDROW, Denise, et al. v. SIMON MATTRESS MANUFACTURING COMPANY, et al.; **"SUMMONS"**