IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III, | ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.; | ) ) ) ) ) ) ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| SIMON MATTRESS MANUFACTURING COMPANY, | ) ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES CASH MACHINE CO., a Kentucky Corporation, | ) ) |
| | ) |
| Third-Party Defendant, | ) |
| | ) |
| and | ) |

Civil No. CV03 00034 DAE BMK
(Other Non-Vehicle Tort)

MEMORANDUM IN SUPPORT OF
MOTION

JAMES CASH MACHINE CO., a )
Kentucky Corporation, )
)
        Fourth-Party Plaintiff, )
)
     vs. )
)
A & B ELECTRIC CO., INC., a )
Hawaii Corporation, )
)
        Fourth-Party Defendant. )
)
_____ )

571-3/p.motion.rule16.wpd

## MEMORANDUM IN SUPPORT OF MOTION

Fourth-Party Defendant A&B ELECTRIC CO., INC. (hereinafter

"A&B") files the following memorandum in support of its instant motion.

I.    Introduction

On January 24, 2003, Defendant Simon Mattress Manufacturing

Company ("Simon Mattress") filed a Notice of Removal from the Circuit Court of

the First Circuit.  The court ordered that a Rule 16 Conference be scheduled for

4/21/2003.  On January 27, 2003, Simon Mattress filed an answer to the

Plaintiff's First Amended Complaint, and Filed a Third-Party Complaint against

DRC Corporation ("DRC").

The Rule 16 Conference was continued several times due to an automatic stay of proceedings pursuant to bankruptcy proceedings in Delaware. On August 30, 2004 the Rule 16 Scheduling Conference was held. An order was thereafter issued on September 1, 2004.

On January 25, 2005, Simon Mattress filed for leave to file a first amended third-party complaint. Plaintiff Denise Gendrow, Charles Eugene Gendrow Jr., Charless E. Gendrow III ("Plaintiffs") filed leave to file a second amended Complaint. Both motions sought to add defendant James Cash Machine Co. ("Cash") as a party in the case. These motions were eventually granted.

On May 25, 2005 an Amended Rule 16 Scheduling Order was entered.

On October 14, 2005, an Ex Parte motion to extend deadline to file motions to join additional parties or to amend pleadings was filed. The motion was granted.

On November 04, 2005, Cash filed a Fourth-Party Complaint against A&B.

On December 6, 2005, a Fourth Party Summons was issued as to A&B.

On December 21, 2005, A&B filed an Answer to the Fourth-Party Complaint.

On January 23, 2005 a withdrawal and substitution of Counsel was entered by the Court for A&B.

According to the Amended Rule 16 Order (entered May 25, 2005) Jury trial is scheduled to commence on May 16, 2006. The following deadlines have already expired:

Dispositive Motions deadline   (December 14, 2005); and

Expert witness disclosures (December 14, 2005)

Since A&B entered this case after these deadlines had expired, it is only fair that it be allowed to file a dispositive motion and expert witness disclosures after the deadlines. A&B would also request that the court would extend the remaining deadlines for A&B including discovery-cut-off, and filing of non-dispositive motions.

II.    Argument

Rule 16(b) of the Federal Rules of Civil Procedure Provides in part:

"A schedule shall not be modified except upon a showing of good cause and by leave of the district judge, or when authorized by local rule, by a magistrate judge"

Rule 16(b) F.R.C.P.

In this particular case, A&B has good cause to amend the dispositive deadline on the Amended Rule 16 order. As stated above, A&B has only recently made an appearance in this case. Furthermore, it appears that the Fourth Party Complaint fails to state a cause of action against A&B, as A&B is the decedent's employer and any claim against A&B would be barred by the workers compensation exclusivity clause under HRS § 386-5 of the Hawaii Revised Statutes. <u>See</u> Attached Declaration of Counsel at ¶ 7. Counsel was not able to bring this motion until the Withdrawal and Substitution of Counsel had been approved by the court. <u>See</u> attached Declaration.

A&B's counsel still does not have a complete copy of the pleadings and all of the discovery filed in this case and would appear to have a good cause for a continuance of trial. However, A&B cannot determine whether or not a continuance of trial is needed, and would reserve the opportunity to raise this argument should its anticipated dispositive motion be denied by the court.

III.    Conclusion

Based on the above, Plaintiff respectfully requests that it be allowed

to file a dispositive motion in this matter within a reasonable time after the hearing

on this motion.

DATED:  Honolulu, Hawaii, _____JAN 2 7 2006_____.

_____

DAVID M. LOUIE
JAMES SHIN
Fourth-Party Defendant A&B ELECTRIC
CO., INC. (hereinafter "A&B")