Chris Bouslog, Esquire  
January 20, 2006  
Page 15 of 15

Denise Gendrow, et al  
v  
Coyne Mattress Manufacturing Company, et al

that Mr. Gendrow was not careless in doing this work, he simply was not properly trained to recognize the hazard and the lift table design was defective and the tilt top mattress cutting table with the electric motor removed constitutes an unreasonably dangerous condition to the end user workers performing maintenance and/or repair work on the table top lift motor for the reasons previously discussed in this report and my initial report. The product design was a substantial factor in causing harm to Mr. Gendrow.

In response to Mr. Schwalje, it is my opinion that the standard texts of conduct of maintenance require the mechanic to review the Operators Manual as it pertains to manufacturer's recommended procedure to repair and/or maintain the equipment that is to be worked on, along with the applicable safety rules, dangers, warnings, and cautions. DRC provided no Operators Manual or any written materials concerning safety rules, dangers, warnings, and cautions. Secondly, Simon's LOTO program was not communicated to Mr. Gendrow as is required in standard texts of conduct for maintenance personnel. Thirdly, Simon failed to provide any hazard recognition training concerning Simon equipment hazards, i.e., when the motor is removed, the lift table unintentionally falls to a horizontal position. Fourthly, Mr. Gendrow was an experienced electrician and a navy veteran who had experience maintaining various types of equipment for many years. However, the hazard was a gravitational hazard not an electrical hazard and there is no evidence offered to show that Mr. Gendrow ever worked on similar equipment that provided similar gravitational hazard exposures. It is my opinion that Mr. Gendrow was never properly trained to recognize the gravitational hazard and this hazard was hidden, not obvious, to Mr. Gendrow with all of his years of experience. The lift table design was defective and the tilt top mattress cutting table with the electric motor removed constitutes an unreasonably dangerous condition to the end user workers performing maintenance and/or repair work on the table top lift motor for the reasons previously discussed in this report and my initial report.

In closing, it is my opinion that if either DRC Corporation or Coyne Mattress Manufacturing Company had used the required hazard assessment or Job Safety Analysis procedures properly, the gravitational hazard most likely would have been recognized, the lift table most likely would have been secured in some manner or lowered to a horizontal position and this accident would have been prevented

This report is based on the documents received to date. Additional documents are not anticipated, however, if for any reason my opinions change, I shall provide a supplement report of any changes.

Respectfully submitted,

_____  
Gary L. Buffington, CSP, CRSP, CSHM, WSO-CSE/CSM/CSS, PI       DATE  
AMERICAN SAFETY CONSULTING

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III,<br><br>  Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.;<br><br>  Defendants.<br>_____<br>SIMON MATTRESS MANUFAC-TURING COMPANY,<br><br>  Third-Party Plaintiff,<br><br>vs.<br><br>JAMES CASH MACHINE CO.,<br><br>  Third-Party Defendant.<br>_____ | CIVIL NO. CV03 00034 BMK<br>(Other Non-Vehicle Tort)<br><br>**CERTIFICATE OF SERVICE** |

```
JAMES CASH MACHINE CO.,        )
                               )
        Fourth-Party Plaintiff, )
                               )
    vs.                        )
                               )
A & B ELECTRIC,                )
                               )
        Fourth-Party Defendant. )
_____)
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within will be duly served on the following in the manner described below:

|  | Mailed | Delivered |
|---|---|---|
| STEPHEN B. MacDONALD, ESQ.<br>RALPH J. O'NEILL, ESQ.<br>MacDonald Rudy Byrns O'Neill & Yamauchi<br>ASB Tower, Suite 2650<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 |  | (X) |

    Attorneys for Defendants
    and Third-Party Plaintiffs
    SIMON MATTRESS MANUFACTURING
    COMPANY dba SERTA MATTRESS
    COMPANY dba COYNE MATTRESS
    MANUFACTURING COMPANY

|  | **Mailed** | **Delivered** |
|---|---|---|
| JAMES T. ESTES, JR., ESQ.<br>DAVID Y. SUZUKI, ESQ.<br>Burke McPheeters Bordner & Estes<br>Pacific Guardian Center<br>Mauka Tower, Suite 3100<br>737 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant,<br>Third-Party Defendant and<br>Fourth-Party Plaintiff<br>JAMES CASH MACHINE CO. |  | (X) |
| DAVID M. LOUIE, ESQ.<br>JAMES SHIN, ESQ.<br>Roeca Louie & Hiraoka<br>Davies Pacific Center, Suite 900<br>841 Bishop Street<br>Honolulu, Hawaii 96813-3917<br><br>Attorneys for Fourth-Party Defendant<br>A & B ELECTRIC CO., INC. |  | (X) |

DATED: Honolulu, Hawaii, _____January 30, 2006_____.

_____
CHRIS BOUSLOG
Attorney for Plaintiffs

3