IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III,<br><br>        Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.;<br><br>        Defendants,<br><br>and<br><br>SIMON MATTRESS MANUFACTURING COMPANY,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>JAMES CASH MACHINE CO., a Kentucky Corporation,<br><br>        Third-Party Defendant,<br><br>and | Civil No. CV03 00034 DAE BMK<br>(Other Non-Vehicle Tort)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

```
JAMES CASH MACHINE CO., a    )
Kentucky Corporation,         )
                              )
                              )
        Fourth-Party Plaintiff, )
                              )
   vs.                        )
                              )
A & B ELECTRIC CO., INC., a   )
Hawaii Corporation,           )
                              )
                              )
        Fourth-Party Defendant. )
                              )
_____)
```

571-3/p.msj.js.wpd

## MEMORANDUM IN SUPPORT OF MOTION

### I.  INTRODUCTION

This case arises out of an accident which occurred on January 15, 2001 at the Coyne Mattress Company. On that date, Charles Eugene Gendrow ("Gendrow") was involved in an accident and was injured on a tilt table which he was troubleshooting. Gendrow subsequently died. Plaintiffs filed the lawsuit against SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY ("SIMON"). Defendant SIMON subsequently filed a Third-Party complaint against the manufacturer of the tilt table, JAMES CASH MACHINE CO. ("JCM"). JCM subsequently filed a Fourth-Party Complaint against A&B

ELECTRIC CO., INC. ("A&B"). A&B now files the instant motion seeking a dismissal of the Fourth-Party Complaint on the basis that the claims asserted in the Fourth-Party Complaint are barred by Hawaii Revised Statutes Section 386-5.

## II. LEGAL STANDARD

Fed. R. Civ. P. 56 allows a court to grant summary judgment as a matter of law where there is no genuine issue of material fact. Summary judgment in favor of a defendant is appropriate when the plaintiff "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A moving defendant need not produce evidence negating the existence of an element for which the plaintiff will bear the burden of proof at trial. *Id.*, 477 U.S. at 322. Once the movant has met its burden, the plaintiff has the affirmative burden of coming forward with specific facts evidencing a need for trial; the plaintiff cannot stand on its pleadings, or simply assert that it will be able to discredit the defendant's evidence at trial. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n.*, 809 F. 2d 626, 630 (9th Cir. 1987). Whether a fact is "material" hinges on the substantive law at issue. A fact is "material" if it might affect the outcome of the case. Disputes over irrelevant or unnecessary facts are insufficient to defeat a

3

motion for summary judgment. ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 248 (1986).

## III. UNCONTROVERTED MATERIAL FACTS

A&B's Separate Concise Statement of Facts establishes the following:

1. Charles Eugene Gendrow was employed by Defendant A&B;

2. On January 15, 2001, Eugene Gendrow was injured in an industrial accident while working on the subject table at Defendant Simon's premises;

3. As a result of the accident, Defendant A&B filled out a WC-1 form Employer notice of accident;

4. As a result of the accident, Defendant A&B's workers compensation insurer, HEMIC paid to or on behalf of Gendrow and his surviving family members workers compensation benefits;

5. No contract of indemnity exists between A&B or Simon; and

6. No contracts or agreements were entered into between A&B and JCM.

## IV. ARGUMENT

A&B brings this motion, seeking dismissal of JCM's Fourth Party Complaint on the basis that as a matter of law, all claims against A&B are barred under Section 386-5 of the Hawaii Revised Statutes.

4

Under Hawaii law, an employer who pays out benefits for an industrial accident is not subject to any other claims made by the employee or anyone else entitled to recover damages from the employer on account of the employee's injuries. See H.R.S. Section 386-5.

Section 386-5 of the Hawaii Revised Statutes provides:

> "Section 386-5 Exclusiveness of right to compensation. The rights and remedies herein granted to an employee or his dependents on account of a work injury suffered by him shall exclude all other liability of the employer to the employee, his legal representative, spouse, dependents, next of kin, or anyone else entitleed to recover damages from the employer, at common law or otherwise, on account of the injury."

H.R.S. Section 386-5.

The Hawaii Supreme Court has held that the above-cited provision "was a clear expression of legislative intent to absolve the employer of all liability save that imposed by statute." ***Kamali v. Hawaiian Electric Co.***, 54 Haw 153, 157, 504 P.2d 861, 864 (1972).

"[T]he exclusive liability provision precludes only those actions which arise 'on account' of the employee's injury . . . a third party claim for indemnity is not based on the employee's injury but is for reimbursement based upon contract or

5

some other independent duty existing between indemnitor and indemnitee."
*Kamali*, 54 Haw. at 159, 504 P.2d at 865.

However, implied indemnity claims brought "on account of" an employees injuries are precluded under the exclusive liability provision. *See Messier v. Association of Apartment Owners of Mt. Terrace*, 6. Haw. App. 525, 539, 735 P.2d 939, 949 (Hawaii.App. 1987).

A. <u>No Contract of indemnity exists between JCM and A&B</u>

JCM alleges the Following in their Complaint:

> "Based on information and belief, in furtherance of the foregoing contract and/or course of conduct among or between SIMON, the Plaintiff, and A&B, *there was an agreement between or among SIMON, Plaintiff and/or A&B, to indemnify and hold harmless each against the negligence of the other*, including the negligence of the other party's employees and agents, which agreement expressly included acts or omissions occurring during the bailment."

See Paragraph 7 of JCM's Fourth-Party Complaint (emphasis added).

JCM also alleges:

> "On the day of the accident alleged in the Amended Third-Party Complaint, in furtherance of the aforesaid contract and/or a course of conduct between or among SIMON, PLAINTIFF, and/or A&B, *there was an agreement between SIMON and A&B to indemnify and hold harmless each other against the negligence of the*

> *other party, including the other party's employees or agents."*

See Paragraph 9 of JCM's Fourth-Party Complaint (emphasis added).

JCM also alleges that:

> JCM was an intended third-party beneficiary of the aforesaid contract and/or a course of conduct between or among SIMON, PLAINTIFF, and/or A&B;
> JCM was an indemnitee in the aforesaid contract and/or a course of conduct between or among SIMON, PLAINTIFF, and/or A&B.

Paragraphs 11, and 12 of JCM's Fourth-Party Complaint.

> On the day of the accident alleged in the Amended Third-Party Complaint, A&B was actively negligent or at fault, and its active negligence or fault proximately caused the injuries alleged in the Amended Third-Party Complaint.

Id. at Paragraph 15.

Under Hawaii law, a third-party may be indemnified by the employer only when "there has been a clear and unequivocal" assumption of liability by the employer. *See Espaniola v. Cawdrey Mars Joint Venture*, 68 Haw. 171, 177, 707 P.2d 365, 369 (Hawai'i 1985) citing *Keawe v. Hawaiian Elec. Co., Inc.*, 65 Haw. 232, 237, 649 P.2d at 1153 (Hawai'i 1982). In this particular case, A&B has denied that any indemnity agreement existed between Simon and A&B, and has

denied that any agreements exist between A&B and JCM. It is clear that there has not been a "clear and unequivocal" assumption of liability by A&B to JCM.

B.    There is No Independent Duty Between A&B and JCM

Furthermore, there is no independent duty which A&B owes to JCM. A&B has never contracted with JCM nor entered into any agreements with them. In *Messier* a resident of the Mt. Terrace condominium and general manager of the condominium association (AOAO), was injured while he was working on AOAO property. He received workers compensation benefits from the AOAO and brought a lawsuit against the designer of the condominium, and the general contractor for the condominium. The designer and general contractor in turn sued the AOAO employer. The court held that:

> Kaiser and Dillingham contend that Associations' indemnity obligation is based upon Association's breach of an independent duty owed to them. Dillingham states that Association's duty "was to property maintain and repair the Mt. Terrace condominium building and to adequately warn its employees of a known, potentially dangerous condition." However, the duty argued for by Dillingham is not owed to Kaiser and Dillingham, and cannot be relied upon by them."

*Messier*, 6 Haw.App. at 539, 735 P.2d at 949 (citations omitted).

8

Similarly in this case, there is no independent duty which is owed to JCM as A&B never entered into any contracts or transactions with JCM. In fact, A&B's president never even heard of JCM until the filing of this lawsuit.

## V.  CONCLUSION

Based on the arguments above, Defendant A&B requests that the court grant the instant motion and find that JCM's claims against A&B are barred as a matter of law by Hawaii Revised Statutes, Chapter 386-5.

DATED:  Honolulu, Hawaii, _____ FEB 1 7 2006 _____.

_____
DAVID M. LOUIE
JAMES SHIN
Attorneys for Fourth-Party Defendant
A&B ELECTRIC CO., INC.