FROM : A & B ELECTRIC CO., INC   FAX NO. :808-682-3014   Feb. 17 2006 04:28PM P6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; and CHARLES E. GENDROW III, <br><br> Plaintiffs, <br><br> vs. <br><br> SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.; <br><br> Defendants, <br><br> and <br><br> SIMON MATTRESS MANUFACTURING COMPANY, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> JAMES CASH MACHINE CO., a Kentucky Corporation, <br><br> Third-Party Defendant, <br><br> and | Civil No. CV03 00034 DAE BMK (Other Non-Vehicle Tort) <br><br> **DECLARATION OF MALCOLM L. BARCARSE** |

FROM : A & B ELECTRIC CO., INC        FAX NO. :808-682-3014        Feb. 17 2006 04:29PM P7

| | |
|---|---|
| JAMES CASH MACHINE CO., a Kentucky Corporation, | ) ) ) |
| Fourth-Party Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| A & B ELECTRIC CO., INC., a Hawaii Corporation, | ) ) ) |
| Fourth-Party Defendant. | ) ) |

1465-356/

## DECLARATION OF MALCOLM L. BARCARSE

I, **MALCOLM L. BARCARSE**, upon declaration and oath states:

1. I am the President of A & B Electric Co., Inc. and have been the president since the inception of A&B Electric Co., Inc. in 1986.

2. I have personal knowledge of and am competent to testify as to the matters contained herein, except as to matters stated upon information and belief.

3. Since 1990, A&B Electric Co., Inc. has been called out to the premises of Serta Mattress Co., for various jobs.

2

4. To the best of my knowledge, no contracts or agreements of indemnity were ever entered into between A&B Electric Co., Inc., and Serta Mattress Co., or Coyne Mattress Manufacturing Company or Simon Mattress Manufacturing Company.

5. On or about January 9, 2001, Charles Eugene Gendrow, an employee of A&B Electric Co., Inc. went out to Serta Mattress Co., to troubleshoot a motor on a cutting table located on Serta Mattress Co., premises.

6. On or about January 15, 2001, I was informed that there had been an accident involving Mr. Gendrow on the subject cutting table.

7. As a result of the accident, I submitted a WC-1 Employer's Report of Industrial Injury. Attached hereto as Exhibit "A" is a true and correct copy of the WC-1 Employer's Report of Industrial Injury which is kept in the regular course of business.

8. At the time of the accident, A&B's workers compensation insurer was HEMIC.

9. As a result of the accident, I was informed that HEMIC paid benefits to the Survivors of Charles WE. Gendrow, Jr. Attached hereto as Exhibit "B" is a true and correct copy of a letter from Carlton W.T. Chun to Christopher S. Bouslog, Esq., a copy of which was sent to my office.

10. Prior to this lawsuit, I had never heard of the name of James Cash Machine Co., nor was I even aware of the manufacturer of the subject cutting table. A&B has never entered into any contracts and/or agreements with James Cash Machine Co..

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief and understanding at this time.

Executed in Kapolei, Hawaii on     FEB 17 2006    .

                                            *Malcolm L. Barcarse* (signature)
                                            MALCOLM L. BARCARSE