# AFFILIATED ENGINEERING LABORATORIES, INC.
*Engineering Consultants*

1101 Amboy Avenue
Edison, NJ 08837-2856

Phone: (732) 225-0360                                                                       Fax: (732) 417-0165

February 22, 2006

Burke, McPheeters, Bordner & Estes
Suite 3100 – Mauka Tower
Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813

Attention: William A. Bordner, Esq.

                    Re:    Gendrow vs. Cash
                             Our File No. Q-8696

Gentlemen:

      Pursuant to your request, the writer has reviewed additional file material which included James Cash Machine Company's Motion for Summary Judgment, Plaintiff's Motion In Opposition to James Cash Machine Company's Motion For Summary Judgment; Plaintiff's Statement of Facts In Opposition to James Cash Machine Company's Motion For Summary Judgment, James Cash Machine Company's Response to Simon Mattress's Motion for Summary Judgment, Simon Mattress's Expert Disclosure, Plaintiff Second Supplemental Exhibit to Disclosure of Expert, John Cash Machine Company's Motion to Exclude Testimony of G. Buffington, the Declaration of G. Buffington, and the Supplemental Report of R. Gill. Additionally, you requested that the writer supplement his original report of 12/14/05 to address issues set out in the Supplemental Report proposed by Mr. Buffington. Accordingly, the writer offers the following supplement to his report with the contents of same limited to matters concerning design inadequacy issues directed toward James Cash Machine Company in the Buffington report.

      It is undisputed that the subject machine was sold and shipped in or about April 1968. As such any code or standard that would be applicable to the design of the machine would of necessity be required to have been in effect on or at some time preceding this date. Codes and standards published subsequent to this date, unless containing specific requirements to the contrary, are prospective and not retrospective in their application. In the specific case at hand, Mr. Buffington makes continual references to ANSI Z244.1 and 29 CFR1910:147 both of which significantly postdate the machine's design and manufacture with neither containing any

**EXHIBIT A**

Re: Gendrow vs. Cash
February 22, 2006
Page 2 of 3

retrospective application requirements. As such, utilization of either code or standard to address any question relating to the design and sale of the original machine would be improper and an unjustified and erroneous application of same. However, despite this lack of applicability Mr. Buffington fails to provide any substantive evidence that supports allegations that any design aspect of the tilt table violated any provisions of them.

When the tilt table is in the raised position Mr. Buffington opines that this creates a hidden danger and a design defect. The ability to tilt the table from the horizontal to the vertical orientation is a design feature which gives the machine its utility and its capability. As such this operating feature cannot be considered to be a design defect as to eliminate it would render the equipment virtually useless. The tilt upward of the table cannot be said to create any type of hidden danger as even casual observation shows that it reaches this state through operation of a motor driven system which powers a gear and sector system to effect that motion. It likewise would be evident that should components that effect this lifting be disconnected or released that the table will then move via the effect of gravity to a horizontal or equilibrium position.

Mr. Buffington opines that it was foreseeable that the table lift motor would have to be removed, repaired and/or replaced at some point in time by the end user. Although this was not necessary for some 35 years, there is no doubt that it might be necessary at some point in time. What Mr. Buffington does not address is why this foreseeable event would be performed with the table in the raised position or if it were to be done with the table raised why it would not be equally foreseeable that those performing the work would take steps to insure that the table was secured by an external means and restrained from descent irrespective of what further maintenance activities were being conducted. Just as one would not work under a car supported solely by a bumper jack or change a hydraulic cylinder on a dump truck with the body raised without an additional external support it would be expected that an additional device or restraint would be employed if work was to be done under the table when it was in an elevated position.

Mr. Buffington further opines that there was no interlock that would have prevented the movement of the table from vertical to the horizontal if the lift motor was removed. Mr. Buffington however provides no design for this "interlock" nor does he explain how it would know how to function only when the lift motor was being removed as opposed to other times when the table is routinely raised or other components of the lifting and support system were removed. He also does not explain at what degree of elevation the device would operate. The table can assume infinite angular positions within its arc of travel and if allowed to fall freely from any of these positions could potentially cause injury to someone positioned beneath it. From a design perspective undocumented and untested proposals for design modifications such as Mr. Buffington has offered must be dismissed out of hand as there exists no means to evaluate their feasibility, suitability or their impact on the performance and utility of the equipment.

Mr. Buffington opines that the hazard (i.e. the raised table) could have been eliminated by four separate methods. The first three of these he cites were available to Mr. Gendrow but not utilized by him. Mr. Buffington's fourth method, i.e. provision of a guard to prevent the unintentional fall of the table, shares a similar shortcoming to his interlock in that the proposal is

Re: Gendrow vs. Cash
February 22, 2006
Page 3 of 3

totally devoid of any suggestion as to how one would incorporate it on the equipment and how it would function and be controlled.

    Mr. Buffington's final design criticism is that the table should have been provided with an emergency release or crank type mechanism to allow the table to be lowered to the horizontal position. To the writer's knowledge, based upon the review of discovery documents, there was no reported problem with movement of the table either upward and downward and nothing to indicate that it was stuck in the up position. If Mr. Gendrow had wanted to move the table downward the lift motor was available and functional and would have allowed him to do the very action that Mr. Buffington had opined should have been available via a hand crank.

    It is the writer's opinion that Mr. Buffington has presented nothing that would support any thesis of a design deficiency being present on the original machine. Mr. Buffington has misused and misapplied codes and standards and has provided suggestions of design deficiencies which are unsupported and are lacking in foundation and/or relevance to the subject matter. His proposals for the remedy to his alleged design defects lacks specificity and detail and can at best be characterized as vague concepts devoid of any means of determining how they are to be implemented. The underlying principals of the scientific method require that theories expressed first be grounded in observation and full description and then that these theories be subjected to tests and evaluation to ascertain their validity. Mr. Buffington provides only his theory without establishing any foundation for them or setting forth an adequate explanation and description for them so as to allow them to be independently tested or analyzed.

    Should you require further information or discussion, kindly contact the writer.

Very truly yours,

Peter J. Schwalje, P.E.
Engineering Consultant

PJS/rms

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE GENDROW, Individually and as Personal Representative of THE ESTATE OF CHARLES EUGENE GENDROW, JR.; CHARLES E. GENDROW, III,<br><br>    Plaintiffs,<br><br>vs.<br><br>SIMON MATTRESS MANUFACTURING COMPANY dba SERTA MATTRESS COMPANY dba COYNE MATTRESS MANUFACTURING COMPANY; JAMES CASH MACHINE CO.,<br><br>    Defendants. | CIVIL NO. CV03 00034 BMK<br>(Other Non-Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |
| SIMON MATTRESS MANUFACTURING COMPANY,<br><br>    Defendant and<br>    Third-Party<br>    Plaintiff,<br><br>vs.<br><br>JAMES CASH MACHINE CO., a Kentucky Corporation,<br><br>    Third-Party<br>    Defendant. | |

| | |
|---|---|
| JAMES CASH MACHINE CO., a Kentucky Corporation,<br><br>             Defendant and<br>             Fourth-Party<br>             Plaintiff,<br><br>vs.<br><br>A & B ELECTRIC CO., INC., a Hawaii Corporation,<br><br>             Fourth-Party<br>             Defendant. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:

<u>Served by Hand Delivery:</u>

CHRISTOPHER S. BOUSLOG, ESQ.        February 22, 2006
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii 96813-4908

    Attorney for Plaintiffs

STEPHEN B. MacDONALD, ESQ.                February 22, 2006
RALPH J. O'NEILL, ESQ.
JULIA H. PARK, ESQ.
MacDonald Rudy Byrns O'Neill & Yarnauchi
Suite 2650, ASB Tower
1001 Bishop Street
Honolulu, Hawaii 96813

    Attorneys for Defendant and
    Third-Party Plaintiff SIMON MATTRESS
    MANUFACTURING COMPANY


DAVID M. LOUIE, ESQ.                February 22, 2006
JAMES SHIN, ESQ.
Roeca, Louie, Hiraoka
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917

Attorneys for Fourth-Party Defendant
A&B ELECTRIC CO., INC.


DATED: Honolulu, Hawaii, February 22, 2006.

                                                _____
                                                WILLIAM A. BORDNER
                                                JOHN L. TATE
                                                SARAH G. CRONAN
                                                Attorneys for Defendant, Third-Party
                                                Defendant and Fourth-Party Plaintiff
                                                JAMES CASH MACHINE
                                                COMPANY, INC.